ROSWELL L. WOOD & others *vs.* CITY OF HAVERHILL & others.

Essex. November 8, 1899. — November 29, 1899.

Present: HOLMES, C. J., KNOWLTON, MORTON, HAMMOND, & LORING, JJ.

*Order of City Council — Vacation to Members of Police Department.*

It is within the power of the city council of Haverhill to adopt an order granting all members of the police department, including the driver of the patrol wagon, a ten-day vacation without loss of pay, on the condition that it shall be at no extra expense to the department.

PETITION IN EQUITY, under Pub. Sts. c. 27, § 129, as amended by St. 1898, c. 490, by ten taxable inhabitants of the city of Haverhill, against the city, members of the city council, and the city treasurer, to restrain it and them from paying out of the city treasury any money to any member of the police depart-

ment or to the driver of the patrol wagon, " as a payment of salary of said member of the police department or driver of the patrol wagon for any day during which he shall not be actually engaged in the performance of his duties as a member of the police department or driver of the patrol wagon, respectively."

The case was submitted to the Superior Court, and after the bill was dismissed, to this court, on appeal, upon agreed facts, in substance as follows.

In April, 1899, the city council, by concurrent action of the board of aldermen and common council duly approved by the mayor, passed the following order: " that all members of the police department, including the driver of the patrol wagon, be and is hereby granted a ten-day vacation without loss of pay, on the condition that it shall be at no extra expense to the department." In accordance therewith, by rearrangement of the patrols, two officers were to take their vacations at the same time, and during their absence the remaining officers were to cover the beats and perform the duties of the absent ones so that no extra men should be employed. It was contemplated that the officers should receive their regular pay during their vacations. In addition to the ordinary duties of police, the officers of the city of Haverhill performed without extra pay duties in connection with parades, strikes, fires, liquor raids, and other matters during hours when they were not on regular duty.

The salary bill for 1899 provided as follows:

Sergeant, day and night patrolmen, including extinguishing of street lights, all fees received from trial justice, police, district, and municipal courts, superior, supreme, and United States courts, either for the service of processes or attendance as witness to go into the city treasury, per day, $2.50.

If competent, it was agreed that orders providing for vacations without loss of pay, similar to that passed this year, were passed by the city and acted upon by the officers during the years 1883, 1884, 1885, 1886, 1887, 1888, 1889, 1890, 1892, 1893, 1894, 1896.

The police officers are appointed for a term of four years under and since the passage of the statute. There is no provision in the charter or ordinance of the city affecting this case.

*M. A. Pingree*, for the plaintiffs.

*C. A. De Courcy*, for the defendants.

MORTON, J.  A reasonable vacation without thereby subjecting the city to additional expense might well have been regarded by the city council as calculated to promote the health and efficiency of the police force, and, if so, we think that it was within the power of the city council to adopt the order which it did.  It would come fairly within the authority conferred on cities and towns to make such reasonable provisions as they should deem conducive to their welfare " for directing and managing the prudential affairs, preserving the peace and good order, and maintaining the internal police thereof."  Pub. Sts. c. 27, § 15 ; c. 28, § 2.  It would also come within the power conferred on the mayor and aldermen of Haverhill to make such regulations for the government of the police department not inconsistent with law as they deem proper.  St. 1894, c. 480.  *Malcolm* v. *Boston*, 173 Mass. 312.                                        *Bill dismissed.*