EUGENE AVERELL *vs.* CITY OF NEWBURYPORT.

Essex.   June 7, 1920. — June 23, 1920.

Present: RUGG, C. J., CROSBY, PIERCE, CARROLL, & JENNEY, JJ.

*School and School Committee.   Contract,* Performance and breach: condition precedent.   *Corporation,* Officers and agents.   *Waiver.*

By R. L. c. 42, § 29, the filing, by a teacher in a public school in a city with the auditor or treasurer of the city or with any officer who may be prescribed in its charter, of one copy of a certificate from the school committee of his qualifications is made a condition precedent to his right to demand and receive compensation for his services; and this requirement of the statute cannot be waived either by the mayor or by the city solicitor in an action by the teacher against the city for a balance of salary which had been withheld upon an order of the mayor for a reason other than a failure to file the certificate.

CONTRACT, by a teacher in the public schools of Newburyport, for a balance of salary alleged to be due to him and for balances of salary alleged to be due to eleven other teachers who had assigned their claims to him.   Writ dated March 1, 1919.

In the Superior Court the action was heard by *O'Connell,* J., without a jury, upon an agreed statement of facts from which it appeared that, by reason of absences of the twelve teachers from duty during January, 1919, the auditor and the treasurer upon order of the mayor had deducted from their salaries as approved by the school committee the amounts sought to be recovered in this action.

The statement of agreed facts also contained the following: "None of the teachers named in the plaintiff's declaration had obtained and filed any certificate of qualification, as provided by R. L. c. 42, § 29; but for many years the city of Newburyport has paid its teachers without such certificate having been filed.   If under the instructions of the mayor the city solicitor has authority to waive the defence of that statute, the court may treat the same as waived;" and it was stated in the bill of exceptions that, "in connection with the matter of the filing of certificates of qualification mentioned in the statement of agreed facts, the city solicitor stated that if he or the mayor had authority to waive the filing of the certificates they both desired to do so."

The judge found for the plaintiff for the full amounts claimed in the declaration; and the defendant alleged exceptions.

The case was submitted on briefs.

*H. I. Bartlett,* for the defendant.

*E. Foss,* for the plaintiff.

PIERCE, J. This action is to recover the balances, $264.42, claimed by twelve teachers of the public schools of the city of Newburyport to be due them for the month of January, 1919. These balances are the amounts deducted by the city auditor from the month of January payroll, as approved by the school committee, for the days each of these teachers was absent from his or her school during that month, the school committee having made no deduction for the absences of any of these teachers during that month. After payment was refused by the city treasurer, and before suit, eleven of these teachers assigned their claims in writing to the plaintiff, who is one of the twelve teachers above mentioned.

The action was heard in the Superior Court without a jury upon agreed facts not supplemented by any evidence or further facts, the city solicitor stating that he or the mayor desired to waive the filing of the certificate of qualification mentioned in the agreed facts if either of them had authority to do so. None of the teachers named in the plaintiff's declaration had obtained and filed any certificate of qualification, as provided by R. L. c. 42, § 29, which in terms reads: "Every teacher shall, before he opens any public school, obtain from the school committee a certificate in duplicate of his qualifications, one of which shall be deposited with the selectmen, or, in a city, with the auditor or treasurer or with any officer who may be prescribed in the charter, before any payment is made to him on account of his services, and upon so filing such certificate, he shall be entitled to receive, on demand, his wages due at the expiration of any quarter, or term longer or shorter than a quarter, or upon the close of any single term of service." The statute contemplates that a duly qualified teacher, under contract with the school committee, may render services as a teacher in the public schools before he shall receive from the school committee in duplicate a certificate of his qualifications, and recognizes that wages may be earned in such services, though they may not be presently payable, in the provision that one of

the certificates shall be deposited with the designated official before any payment is made to him on account of his services, "and upon so filing such certificate, he shall be entitled to receive, on demand, his wages due at the expiration of any quarter. . . ." *Libby* v. *Douglas,* 175 Mass. 128. Compare *Jewell* v. *Abington,* 2 Allen, 592.

It thus appears that the statute is directory as to the time of obtaining the certificate and as to the requirement that it shall be in duplicate, but is mandatory in its command that one of the certificates shall be deposited with a certain official "before any payment is made to him on account of his services" and before he shall be entitled to receive on demand his wages. The filing of the certificate being made by the express terms of the statute a condition precedent to the right of a teacher to demand and receive compensation for his services rendered, it follows that an action will not lie before such filing and it also follows that neither the defendant, its mayor nor city solicitor has authority expressly or impliedly to waive the performance of the duty of filing the certificate imposed by law on the several teachers.

*Exceptions sustained.*