JOSEPH J. McGOVERN vs. CITY OF BOSTON.

Suffolk.    April 8, 1932. — June 28, 1932.

Present: RUGG, C.J., CROSBY, WAIT, & DONAHUE, JJ.

*Fireman.   Fire Commissioner.*

The evidence at the trial of an action by a fireman against a city for a
portion of his wages during a period of incapacity following an injury
in the line of duty, presented, as an issue of fact to be determined by
the jury, the question, whether the fire commissioner, in stopping pay-
ment of the plaintiff's wages in full for the remainder of such period,
exercised a discretionary power given him by the rules of the fire
department or, without exercise of his own judgment, merely acted
as he thought he was compelled to act by a letter to him from the
retirement board, to which he had made application for the plaintiff's
retirement; and a finding, that he had not exercised such discretionary
power, was warranted.

CONTRACT.    Writ dated February 17, 1928.

Material evidence at the trial in the Superior Court before
*Macleod,* J., is stated in the opinion.  The judge denied a
motion by the defendant that a verdict be ordered in its
favor.  There was a verdict for the plaintiff in the sum of
$1,223.40.  The defendant alleged exceptions.

*J. A. Campbell,* Assistant Corporation Counsel, for the
defendant.

*K. C. Parker,* (*F. D. Harrigan* with him,) for the plaintiff.

WAIT, J.   This is an action at law to recover wages
claimed to be due to the plaintiff as a member of the Boston
fire department from August 5, 1927, until February 17,
1928.  After a verdict for the plaintiff, the case is before
us upon exception claimed to the refusal of the trial judge
to direct a verdict for the defendant.  The bill of excep-
tions states that the only questions presented for decision
are whether it was for a jury to decide whether in stopping
the plaintiff's pay. the fire commissioner was using the dis-
cretionary power given to him by the rules of the depart-
ment; and whether there had been an abuse of this power
if he were using it.

There was no dispute that the plaintiff had been injured

November 11, 1926, in the course of his duty from a cause arising out of his employment, and had been incapacitated in consequence. A rule of the department provides that "a member of the department . . . [is] entitled to receive pay while on leave of absence due to an injury received in the line of duty." The plaintiff was on such leave of absence from November 11, 1926, up to and including February 17, 1928. The preamble of the rules provides: "The Fire Commissioner of the City of Boston hereby establishes the following rules and regulations for the government and discipline of the Fire Department of said City, reserving the right (subject to law and ordinances) to amend, revoke or add to such rules and regulations, or to make special exceptions of any thereof at his discretion." The fire commissioner testified that he approved the plaintiff's leave of absence up to August, 1927, when he notified him that thereafter he was not to receive full pay. He knew nothing to his detriment that should deprive him of the ordinary rights and privileges of a fireman. The plaintiff was in no sense one he would single out to deprive of the benefits a fireman would ordinarily receive under the department rules. There was no reason to make an especial exception in his case, and none had been made. He did not regard the rule as to payment when injured in line of duty as a discretionary rule. In July, 1927, because he thought the plaintiff was not going to get well enough to return to fire duty in the immediate future, he made application to the retirement board for his retirement. In consequence of a letter which he received from the board, he stopped the pay. He felt compelled to do this because he regarded the board as the official tribunal in such a case. He felt that he "ought to follow their finding rather than any independent exercise of . . . [his] own judgment," that it "precluded him, in effect, from exercising his own individual judgment and discretion about it." "I thought that letter was binding notice on me that I should do what I did do." He did not think that, as fire commissioner, he had final control with reference to the payment of the plaintiff's wages. He signed the payroll which bore the plaintiff's

name with approval, believing him injured in the line of duty; and discontinued doing so on account of the letter from the board. He doubted his power legally to approve thereafter. He was influenced in his action by the belief that the letter determined the case; he did not consider he had any right to use his judgment. He knew the plaintiff only in the line of duty.

We find no error in the judge's conclusion from the foregoing that a question of fact was presented whether there had been an exercise by the commissioner of his discretionary power; nor in the jury's finding that there had not been exercise of such power. No exception to the instructions given to the jury was claimed, and we must assume that ample instructions were given. There can be no denial that a power had been exercised by the commissioner, a power which, in a sense, can be termed a discretionary power; but his testimony will justify finding that his action was not determined by an exercise of his individual judgment upon all the facts of the case. His action, on his testimony, could be found to have been determined by his belief upon a single element in his problem — the binding effect of the board's communication. There is nothing to require a finding that after weighing other considerations involved in his decision he decided to give greatest weight to the letter from the board. On the contrary, there is much to lead to the conviction that he acted without exercise of his own judgment on all the circumstances of the plaintiff's claim to payment — acted purely as the executive of another's decree. If so, he did not exercise the discretion vested in him by the rules and their preamble.

No extended discussion of the second question is essential, in view of our decision upon the first. Had there been an exercise of the discretion entrusted to the commissioner, it was not for a jury to decide whether there had been abuse. The "reasonable exercise of discretion must be considered and determined in the light of the facts in each particular case." *The Styria* v. *Morgan*, 186 U. S. 1, 9. Here, where the facts are undisputed, a question of law was presented.

*Exceptions overruled.*