TERENCE QUINLAN & others *vs.* CITY OF CAMBRIDGE & another.

Middlesex.    May 9, 1946. — July 8, 1946.

Present: FIELD, C.J., LUMMUS, DOLAN, RONAN, & WILKINS, JJ.

*Municipal Corporations,* By-laws and ordinances, Municipal finance, Officers and agents. *Police. Cambridge. Constitutional Law,* Public purpose. *Jurisdiction,* Justiciable question.

If reasonably limited, a provision for payment of salary to police officers during absence from duty because of injury or illness not connected with the performance of duty or because of illness connected with the performance of duty is justifiable as tending to promote good public service and is not a mere gratuity, and may be made as an incident to the power to fix police salaries; such a provision is not impliedly precluded by the express statutory provision in G. L. (Ter. Ed.) c. 41, § 100, as appearing in St. 1945, c. 670, for payment of salary to police officers during absence from duty because of injury connected with the performance of duty.

Whether a provision for payment of salary to police officers during absence from duty is reasonable is a justiciable question.

A provision of an ordinance of Cambridge for the payment of salary to police officers during absence from duty for a period up to twelve weeks and, in the discretion of the chief of police, for a longer period, was not reasonably limited and was invalid with respect to absence from duty because of injury or illness not connected with the performance of duty, but was reasonable and valid with respect to absence from duty because of illness connected with the performance of duty.

An invalid portion of an ordinance of Cambridge making unreasonable provision for payment of salary to police officers during certain absences from duty was separable from a valid portion dealing with certain other absences and did not render the whole ordinance void.

The power to provide for the payment of salary to police officers during absence from duty because of certain injuries and illnesses is in the city council of Cambridge as an incident to its power to fix police salaries under St. 1935, c. 214, and not in the city manager appointed upon the city's adoption of a Plan E charter.

BILL IN EQUITY, filed in the Superior Court on December 21, 1945.

The suit was reported by *Cabot,* J.

*R. C. Evarts,* for the plaintiffs.

*J. A. Daly,* City Solicitor, for the defendants.

RONAN, J. This is a bill in equity under G. L. (Ter. Ed.) c. 231A, inserted by St. 1945, c. 582, § 1, against the city of Cambridge and John B. Atkinson, the city manager, to secure a declaratory decree adjudging the validity of an ordinance purporting to grant sick leave to members of the police department. The parties agreed upon all the material facts, and the judge without making a decision reported the suit to this court.

The plaintiffs, permanent members of the police department of Cambridge, bring the bill in behalf of themselves and all other members of the department. The city since January 1, 1942, has been governed by a Plan E charter, so called. G. L. (Ter. Ed.) c. 43, §§ 1–45, inclusive, as amended, and §§ 93–116, inclusive, as inserted by St. 1938, c. 378, § 15, and as amended. The defendant Atkinson as city manager is the chief executive officer of the city. The city council was authorized by St. 1935, c. 214, to fix by ordinance the salaries of members of the police department, and such salaries were established by an ordinance, c. 2, § 153, providing compensation at various rates from $2,017.50 to $5,000. Section 154 of the said chapter provided that "the above mentioned salaries shall be in full for all services rendered by such officers in their official capacities." The city council, by an ordinance which became effective on November 5, 1945, amended said § 153 by adding thereto, in so far as now material, the following: "Any member of the police

department in active service, who suffers an injury, illness or disability not connected with the performance of his duties as a member of said department, or an illness or disability connected with the performance of his duty if the injury, illness or disability renders him temporarily unable to attend to his said duties, shall receive his full pay from the city during his injury, illness or disability, not to exceed a total of twelve weeks in any calendar year. The chief of police is directed and empowered if the injury, illness or disability be self inflicted or self imposed or if there be any other good reason or cause, to deny a member of the department sick relief under this ordinance. Sickness or accidents as a result of the use of alcohol or drugs shall not be considered a proper claim for leave with pay. The time for receiving full pay during a temporary injury, illness or disability may be extended beyond said twelve week period for each injury, illness or disability at the discretion of the chief of police."

The establishment of salaries of municipal officers and employees is an act that is legislative in nature and may be exercised by the Legislature itself, or entrusted to the legislative branch of the city government, or delegated to the board or officer who appoints them or to some other board or officer. *Hibbard* v. *County of Suffolk*, 163 Mass. 34. *Faulkner* v. *Sisson*, 183 Mass. 524. *Mayor of Cambridge* v. *Cambridge*, 228 Mass. 249. *Alger* v. *Justice of the District Court of Brockton*, 283 Mass. 596. *Whalen* v. *First District Court of Eastern Middlesex*, 295 Mass. 305. *Gorman* v. *Peabody*, 312 Mass. 560. No contention is made that the statute, St. 1935, c. 214, authorizing the city council to fix the salaries of police officers is not now in full force or effect or that it was affected by the adoption of the Plan E charter on January 1, 1942. See *Cunningham* v. *Mayor of Cambridge*, 222 Mass. 574; *Young* v. *City Council of Waltham*, 243 Mass. 288; *King* v. *Mayor of Quincy*, 270 Mass. 185; *Gilliatt* v. *Quincy*, 292 Mass. 222.

Our inquiry is whether the power to fix salaries includes the right to grant sick leave with pay and, if so, whether relief can be given to the extent designated in the ordinance.

The plaintiffs do not contend that they are entitled to be paid as long as they continue to be police officers, but properly concede that in the absence of statute or ordinance they are entitled to compensation only for services actually rendered. *Malcolm* v. *Boston*, 173 Mass. 312. *Donoghue* v. *Holyoke Street Railway*, 246 Mass. 485, 494. *Ryan* v. *Marlborough*, 318 Mass. 610. See *Walsh* v. *Bridgeport*, 88 Conn. 528. The defendants urge that payment for services not performed amounts to a gratuity. The city council cannot authorize the expenditure of public funds for the sole benefit of an individual, *Matthews* v. *Westborough*, 131 Mass. 521; *Jones* v. *Natick*, 267 Mass. 567; *Connor* v. *Haverhill*, 303 Mass. 42, because public funds may be used only for a public purpose. *Duffy* v. *Treasurer & Receiver General*, 234 Mass. 42. *D. N. Kelley & Son, Inc.* v. *Selectmen of Fairhaven*, 294 Mass. 570, 575. The payment of sick leave to a reasonable amount has been said to be in the public interest, in that it tends to attract competent and efficient persons to the public service and induces them to remain therein and that as a result thereof the public secures better service than would be otherwise obtainable. This may be true to a certain extent, and a grant of sick leave which may reasonably be thought to result in the rendition of better service is justified. The promotion of the public welfare is not only the foundation upon which the expenditure must rest but also the measure of the amount that may be expended, and where both concur the grant is valid even though an individual thereby acquires a private financial gain. *Opinion of the Justices*, 240 Mass. 616. *Horrigan* v. *Mayor of Pittsfield*, 298 Mass. 492. *Allydonn Realty Corp.* v. *Holyoke Housing Authority*, 304 Mass. 288. *Opinion of the Justices, post*, 773. It was said in *Averell* v. *Newburyport*, 241 Mass. 333, 335, after pointing out the authority of a school committee over the government, discipline and management of the public schools, that "This general grant of authority to have charge of the public schools and to fix the salaries of teachers includes the subsidiary power to decide within reasonable limits whether, in order to promote efficiency and insure constancy of excellent service on the part of

teachers, temporary absences without loss of pay shall be afforded them. The case upon this point is governed by the principle declared in *Malcolm* v. *Boston*, 173 Mass. 312, 321, and *Wood* v. *Haverhill*, 174 Mass. 578." It was held in the first of the two cases last cited that the board of police had authority to pass rules and regulations governing the payment of compensation in certain instances when a police officer was absent from duty, and in the second case that a city council was authorized to grant a ten-day vacation with pay to police officers where no additional expense was incurred by the city. We think that the city council of Cambridge, as an incident to the power to fix salaries, had the right to provide for the payment of sick leave to police officers.

There is no statute that empowers a city to pay a police officer during the period he is unable to perform his duties on account of illness. Any city except Boston, however, is required by G. L. (Ter. Ed.) c. 41, § 100, as appearing in St. 1945, c. 670, to pay a police officer full compensation for the time he is absent on account of an injury sustained in the performance of his duty. It is urged that the enactment of the statute tends to show that a statute was necessary before a city could lawfully pay salary during absence on account of an injury sustained in the line of duty. This statute was principally concerned with the indemnification of a police officer for damages and expenses incurred from any act arising out of the performance of his duty, including those sustained in defending himself in actions brought against him by third persons, and the matter of loss of salary came in only inferentially as an allowable item of damages and expenses. The statute in this respect proceeds on the assumption that payments for compensation will not be made while the officer is absent from duty, and requires the city to reimburse him for this loss of salary. The mention of loss of salary might have been made for the purpose of allowing an item of damage that otherwise might not be allowed, and for the further purpose of fixing the extent that it should be allowed. This statute limits reimbursement for loss of pay to absences caused by injury, but it does not

follow that the Legislature did not intend that cities should reimburse an officer for loss of pay due to an illness arising out of the performance of duty.[1]    It may be that the Legislature determined that an absence due to injury could be more easily and satisfactorily proved than one due to illness, and that controversy, abuse of discretion and possibly fraud would be eliminated if absence due to illness was not included as an item for which the officer was entitled to indemnification.    There is a distinction between an injury and an illness.    *Smith's Case*, 307 Mass. 516.    *Hough* v. *Contributory Retirement Appeal Board*, 309 Mass. 534.    *Beaudette's Case*, 314 Mass. 728.    This statute, by providing for the payment of pay while an officer is incapacitated on account of an injury sustained in the course of duty, does not limit the power of the city council to grant him his pay during the time he is unable to perform his duties, if the cause of his absence is an illness or incapacity that arose out of the performance of duty.

The ordinance does not cover the ground included in the statute last mentioned.    It makes no provision for sick leave on account of an injury arising in the course of duty.    It purports to allow sick leave in two classes of cases, first, where the absence of the officer is due to an injury, illness or incapacity having no causal relation to official duties and, second, where the absence is due to an illness or incapacity arising out of the performance of duty.    It prescribes no maximum period for which full salary shall be paid.    It gives the officer a right to twelve weeks' salary, if his disability continues so long, and for such further time as the chief of police deems appropriate.

We first inquire as to the right of the city council to provide, to the extent mentioned in this ordinance, for the payment of salary during the period of absence caused by an injury, illness or incapacity not connected with the performance of service.    It is plain that in the absence of

---

[1] A town may appropriate money for the payment of hospital and medical expenses incurred by a police officer "by reason of injuries sustained through no fault of his own while actually performing useful police service for such town." G. L. (Ter. Ed.) c. 40, § 5 (32).   For similar provisions in reference to State and metropolitan police officers, see G. L. (Ter. Ed.) c. 22, § 7A; c. 92, § 63A.

statute or ordinance the officer could not enforce any claim for his salary during the time in which he rendered no services where his absence was not causally related to the performance of his official duties. The city council might, however, come to the conclusion that an allowance of pay for a short period of absence might be for the benefit of the general public. In no event could the grant exceed the general benefit that might reasonably be supposed to accrue to the public. *Averell* v. *Newburyport*, 241 Mass. 333. Compare *Whittaker* v. *Salem*, 216 Mass. 483.

Whether the ordinance granting sick leave for causes not connected with duty has transcended rational limits and has by extending the period for an unreasonable time attempted to impose on the city a financial burden primarily for the benefit of private individuals and with no real or practical benefit to the municipality is open to inquiry. *Austin* v. *Murray*, 16 Pick. 121. *Greene* v. *Mayor of Fitchburg*, 219 Mass. 121. *Inspector of Buildings of Lowell* v. *Stoklosa*, 250 Mass. 52. *Commonwealth* v. *Kimball*, 299 Mass. 353, 356–358. *Wilbur* v. *Newton*, 302 Mass. 38, 43. In determining the reasonableness of the period during which full payments are allowed by the ordinance when the absence of the officer is not connected with his official duties, regard must be had to other provisions of law by which such officers are entitled to annual vacations and days off, ranging from one in thirty to one in six depending upon which section of certain statutes is accepted by the city. G. L. (Ter. Ed.) c. 41, § 111, as amended; c. 147, §§ 14–17, as amended.

Payments during leaves of absence for which the plaintiff in *Averell* v. *Newburyport*, 241 Mass. 333, recovered were for periods from one to fifteen days. In *Ryan* v. *Marlborough*, 318 Mass. 610, the mayor, acting under an ordinance, issued an executive order granting fourteen days' sick leave each year with pay. Laborers, workmen and mechanics regularly employed by a city that accepts the statutory provision are entitled to not more than fifteen days' sick leave in any year without loss of pay, and the period may be accumulated in certain instances. G. L.

(Ter. Ed.) c. 41, § 111B, inserted by St. 1945, c. 156. See now St. 1946, c. 187. This is in addition to a two weeks' vacation with pay which is allowed to all civil service employees as well as laborers and mechanics regularly employed by cities accepting this provision of the statutes. G. L. (Ter. Ed.) c. 41, § 111, as amended. Sick leave with pay, at the rate of one and one quarter days per month, has been granted to all civilian officers and employees of the Federal government. U. S. C. (1940 ed.) Title 5, § 30g. These statutes dealing with sick leave tend to show that a period not exceeding fifteen days on account of sickness was considered a reasonable allowance. Of course none of these instances is binding authority that a city council cannot grant a greater period, but they furnish pertinent illustrations as to what the governing authorities believed was a reasonable period of time. *Simon* v. *Needham*, 311 Mass. 560, 564. We are of opinion that the period prescribed for the payment of salary during absences due to causes not connected with the performance of duty is unreasonable and that this portion of the ordinance is void.

The remaining portion of the ordinance deals with absence from duty due to an illness or disability connected with the performance of duty, and rests upon a much more substantial ground. The fact that the Legislature has by a recent amendment of G. L. (Ter. Ed.) c. 41, § 100, by St. 1945, c. 670, made it mandatory upon a city other than Boston to pay a police officer his full salary for the time he was absent from duty "because of temporary incapacity caused by injury suffered through no fault of his own while in the actual performance of duty" indicates a determination by the Legislature that payments of salary in such circumstances are so connected with the public good and welfare that they do not constitute mere gifts to individuals. *Opinion of the Justices*, 240 Mass. 616. *Opinion of the Justices, post,* 773. The existence of a similar public benefit may be found to justify the payment of compensation to a police officer during a period of absence when the cause of his absence is an illness or disability arising out of the performance of his duties.

The fact that the portion of the ordinance relating to the payment of salaries during the period when the officer is unable to perform services on account of an injury, illness or disability not connected with the public service is void does not render the entire ordinance of no force and effect. The portion found to be invalid is separate, independent and distinct from the remainder of the ordinance which deals with absences having a causal connection with the performance of official duty. It cannot be said that the city council would not have enacted the latter portion alone if it had known the former was invalid. *Warren* v. *Mayor & Aldermen of Charlestown,* 2 Gray, 84, 98, 99. *Ashley* v. *Three Justices of the Superior Court,* 228 Mass. 63, 81. *Boston Elevated Railway* v. *Commonwealth,* 310 Mass. 528, 559.

The power to provide for sick leave for members of the police department without loss of pay is in the city council and not in the city manager, and the city council, having designated the terms and conditions under which leave with pay should be granted, could delegate to the chief of police the carrying out of the provisions of the ordinance, *Commonwealth* v. *Hudson,* 315 Mass. 335, 341, although it might have left, but was not required to leave, the execution of the ordinance to the city manager, the chief executive officer of the city, as was done in *Ryan* v. *Marlborough,* 318 Mass. 610. See *McGovern* v. *Boston,* 279 Mass. 543. The administrative and executive duties of the city manager, as defined by §§ 104 and 105 of the city charter, are not superior to the right of the city council to provide in the manner it has for the payment of sick leave due to an illness or disability, other than an injury, arising out of the performance of duty by a police officer. *Police Commissioner of Boston* v. *Boston,* 279 Mass. 577, 584.

A decree is to be entered adjudging that the portion of the ordinance relative to the payment of sick leave to an active member of the police department during the period that he is rendered temporarily unable to perform his duties on account of an illness or disability, other than an injury, incurred in the performance of his duty is valid and that the remainder of the ordinance is invalid.     *So ordered.*