MAYOR OF HOLYOKE *vs.* CHIEF OF POLICE OF HOLYOKE & others.

Hampden.    September 20, 1951. — January 8, 1952.

Present: QUA, C.J., WILKINS, SPALDING, & WILLIAMS, JJ.

*Municipal Corporations*, Police, Officers and agents, By-laws and ordinances, Municipal finance. *Police. Holyoke. Jurisdiction*, Justiciable question.

The board of aldermen of Holyoke, as an incident to its power under the city charter to govern the police department and to establish the salaries of its members, was empowered to adopt an ordinance restricting the number of hours of service of all regular members and providing that their compensation should not be reduced thereby.

A city ordinance providing that the "service of all regular members of the police department shall be restricted to five days and forty hours in any one week" was not inconsistent with nor precluded by the provision of G. L. (Ter. Ed.) c. 147, § 16B, inserted by St. 1938, c. 426, § 2, previously accepted by the city, that the members of the police department "shall be excused from duty for one day out of every six."

After the submission of the annual budget of a city by its mayor, the board of aldermen, by adopting an ordinance restricting the hours of service of all regular members of the city's police department and providing that their compensation should not be reduced thereby, and by approving the budget submitted, did not in effect increase the amount recommended in the budget for the police department contrary to G. L. (Ter. Ed.) c. 44, § 32, as appearing in St. 1941, c. 473, § 2, nor increase the personnel of the police department, nor bring about an "increase in rate" within § 33A, as appearing in St. 1947, c. 298, § 1.

In a proceeding involving a city ordinance restricting the hours of service of members of the police department without reducing their compensation, enacted by the board of aldermen in the exercise of its power to govern the police department, it was not for the court to determine the effect of the ordinance upon the security and safety of the city and whether additional police officers were necessary: that was a legislative question for the board.

BILL IN EQUITY, filed in the Superior Court on April 26, 1950.

The suit was heard by *Leary*, J.

In this court the case was submitted on briefs.

*J. F. Kelly,* City Solicitor, for the plaintiff.

*J. F. Hartnett, W. J. Griffin, & H. W. Shea,* for the defendants.

SPALDING, J.   The mayor of Holyoke under G. L. (Ter. Ed.) c. 231A, inserted by St. 1945, c. 582, § 1, brought this bill in equity to determine the validity of an ordinance which establishes a forty hour week for the members of the Holyoke police department.   After finding the material facts the judge, without decision, reported the case to this court.

The material provisions of the ordinance which gave rise to this controversy read as follows: "Section 1.   Chapter 14 of the Revised Ordinances of the City of Holyoke, 1947, entitled Police Department is hereby amended by the addition of the following new Section: Section 21. The service of all regular members of the Police Department shall be restricted to five days and forty hours in any one week.   The compensation payable to any regular member of the Police Department shall not be reduced by reason of the adoption of this Section."   The ordinance further provided that it was to take effect upon its passage.

The facts attending its adoption are these: On February 6, 1950, the proposed ordinance was filed with the city clerk.   It was read at a regular meeting of the board of aldermen on February 7, 1950, and was ordained at a meeting of the board held on February 21, 1950.[1]   On March 3, 1950, the ordinance was returned to the board by the mayor with his objections.   At a regular meeting of the board held on March 7, 1950, the ordinance was passed by the number of votes necessary to override the mayor's veto.

On February 6, 1950, the mayor filed the annual budget with the city clerk, and it was submitted to the board on

---

[1] By its charter (St. 1896, c. 438) the administration of the affairs of the city of Holyoke, with an exception not here material, was vested in an executive department and a legislative department consisting respectively of a mayor and a board of aldermen.

February 7. This budget, except for an item not here material, was approved by the board at its meeting on March 7, 1950, subsequent to the passage of the ordinance in question. The judge found that the board complied with all the provisions of the charter and ordinances of the city relating to the approval and enactment of the budget and ordinance.

The amounts designated for the police department in the budget as approved by the board were sufficient to meet all maintenance and salary expenses of the department as constituted on the day the budget was submitted to the board. Prior to the adoption of the ordinance here involved the city's police officers worked on a schedule of one day off in six, averaging forty-six and two thirds hours per week on an annual basis. Inasmuch as neither the mayor nor the chief of police has carried out the provisions of the ordinance, the members of the police department have continued to operate under the schedule in effect prior to its enactment.

Based on the testimony of the mayor and the chief of police (which was admitted subject to the objections and exceptions of the defendants) the judge found that the reduction of the working hours of the city's police force to forty hours per week would require sixteen additional police officers to provide the city with adequate protection. He further found that the adding of these officers would, for the period between March 7, 1950, and December 31, 1950, call for an expenditure by the city of $34,606.26 in excess of the appropriation designated in the budget for the police department.

The ordinance was valid. Section 21 of the city's charter provides that "The board of aldermen shall establish . . . a police department, consisting of a city marshal and of such . . . . other members of the police force as it may prescribe, and may make regulations for the government of said department." Section 54 authorizes the board to establish the salaries of all city officers, with exceptions not here material. These provisions clearly empower the board to organize and govern the police department of the city. As an in-

cident to this power we have no doubt that the board could enact an ordinance decreasing, without reduction of compensation, the number of hours that members of the department should work. *Wood* v. *Haverhill*, 174 Mass. 578. *Averell* v. *Newburyport*, 241 Mass. 333. *Quinlan* v. *Cambridge*, 320 Mass. 124, 127–128.

Directing our attention to G. L. (Ter. Ed.) c. 147, §§ 14–17, and St. 1950, c. 320, the plaintiff argues that further enabling legislation is necessary before an ordinance of the type here involved could be enacted. Sections 14–17, however, merely specify the days off which must be allowed police officers in cities which have accepted certain statutory provisions, and do not purport to impose any limitations on the right of a city to regulate the matter in a manner not inconsistent with such provisions.[1] Similarly, while St. 1950, c. 320, authorizes the city of Malden to adopt an ordinance which would excuse members of its police force from duty for two days out of every seven without loss of pay, it does not follow that other cities cannot enact an ordinance accomplishing such a result without such authorization. See *Quinlan* v. *Cambridge*, 320 Mass. 124. The Legislature may have determined that the provisions relating to the organization and control of the Malden police department were such (see St. 1911, c. 16) that a specific grant of power was either necessary or desirable.

The principal contention of the plaintiff is that the ordinance is in derogation of § 32, as appearing in St. 1941, c. 473, § 2, and § 33A, as appearing in St. 1947, c. 298, § 1, of the municipal finance act, G. L. (Ter. Ed.) c. 44. Section 32 places on the mayor the responsibility for ascertaining and recommending the amounts to be expended in the current year. The board of aldermen "may by majority vote make appropriations for the purposes recommended and may reduce or reject any amount . . . but, except

---

[1] It appears that on June 7, 1944, the city of Holyoke accepted the provisions of G. L. (Ter. Ed.) c. 147, § 16B, inserted by St. 1938, c. 426, § 2, which reads as follows: "Except in Boston, members of the police department of every town which accepts this section . . . shall be excused from duty for one day out of every six without loss of pay."

on recommendation of the mayor, shall not increase any amount in or the total of the annual budget, nor add thereto any amount for a purpose not included therein . . . ." Supplemental appropriations may be voted by the board only upon written recommendation of the mayor, and not in excess of the amount so recommended. Further restraints on the legislative department are imposed by § 33A which provides: "No new position shall be created or increase in rate made by ordinance . . . during the financial year subsequent to the submission of the annual budget unless provision therefor has been made by means of a supplemental appropriation."

The plaintiff argues that the effect of the ordinance is tantamount to an increase in the appropriation for the police department and that this cannot be done under the above mentioned provisions of the municipal finance act. We do not agree. The board was merely regulating the hours of work of a department subject to its management. This, as we said above, it may do. The board has not voted appropriations for the police department in excess of amounts recommended for that purpose in the budget. Nor has the personnel of the department been increased. The annual compensation of the members of the department has not been increased, although the members under the ordinance are obliged to work fewer hours to earn that compensation. The ordinance does not call for a supplemental appropriation as a consequence of an "increase in rate" within the meaning of G. L. (Ter. Ed.) c. 44, § 33A.

Relying on the findings to the effect that sixteen additional police officers at an additional expense of $34,606.26 will be needed for the proper police protection of the city, the plaintiff argues that the enactment of the ordinance by the board had the effect of depriving him of his prerogative under G. L. (Ter. Ed.) c. 44, § 32, of initiating recommendations for appropriations in that it virtually compels him to recommend an additional appropriation to cover the cost of the additional police officers.

This contention cannot prevail. If we assume in favor of the plaintiff that the evidence on which these findings were based was admissible and that the findings are properly before us, they would not invalidate the ordinance. It is for the board, not the court, to determine the effect of the ordinance on the security and safety of the city and whether additional police officers are needed. That is a legislative question. *Alger* v. *Justice of the District Court of Brockton*, 283 Mass. 596. *Selectmen of Milton* v. *Justice of the District Court of East Norfolk*, 286 Mass. 1, 4–6. *Openshaw* v. *Fall River*, 287 Mass. 426, 432. *Whalen* v. *First District Court of Eastern Middlesex*, 295 Mass. 305.

In reaching our conclusion we are mindful that the prohibitions of the municipal finance act "must not be weakened, nor the exceptions enlarged, by constructions which might tend to break down the safeguards designed to be set up or to admit of the evils intended to be prevented." *Continental Construction Co.* v. *Lawrence*, 297 Mass. 513, 515. *McCarthy* v. *Malden*, 303 Mass. 563, 567. We adhere to that principle, and nothing herein decided is to be taken as a departure from it. Our conclusion here is based on the view that the action of the board in the circumstances here disclosed cannot fairly be said to have violated either the letter or the spirit of the act.

It follows that a decree is to be entered declaring that the ordinance in question is valid.

*So ordered.*