SOVIA *v.* CITY OF SAGINAW.

1. MUNICIPAL CORPORATIONS—SICK LEAVE FOR EMPLOYEES—RULES AND REGULATIONS.

All rules and regulations of city manager pertaining to leaves of absence must be considered in determining whether or not an employee who had accumulated a sick leave of 60 days was entitled to pay therefor where he had taken over 7 weeks off without having first obtained approval for so doing from city manager (Saginaw Personnel Regulations, § 5, subds 2, 6).

2. SAME—UPPER RESPIRATORY INFECTION—SICK LEAVE—APPROVAL.

Action of municipal officers in denying city employee's application for sick leave *held*, not arbitrary in view of applicability of provision requiring approval by application before taking of the leave, in the absence of testimony that plaintiff's "upper respiratory infection" necessitated his immediate absence from work before the approval was obtained, where it appears he had been able to perform his work as a member of the fire department up until he left for Arizona (Saginaw Personnel Regulations, § 5, subds 2, 6).

3. SAME—SICK LEAVE—APPROVAL.

A city employee does not have an absolute right to take an extended sick leave without prior approval thereof, where pertinent regulations allowing accumulation thereof up to 60 days require that no payment for the leave be made unless approval for leave be given before it is taken (Saginaw Personnel Regulations, § 5, subds 2, 6).

4. SAME—COMPENSATION OF EMPLOYEES.

A city employee's right to compensation is limited to services actually rendered except as regulations pertaining to his department extend such right.

REFERENCES FOR POINTS IN HEADNOTES
[1–6] 43 Am Jur, Public Officers § 379.
[1–6] Right of public officers or employees as regards "sick leave." 168 ALR 476.

5. Same—City Employees—Sick Leave—Burden of Proof.
   The burden rests upon city employee to prove his compliance with regulations relating to sick leave in order to recover pay therefor.

6. Same—Sick Leave—Pay—Approval of Leave.
   City employee who took an extended sick leave without having first obtained approval therefor from officers conferred with discretionary authority to grant or deny same and who failed to show inapplicability of provision requiring that leave be first obtained *held,* not entitled to pay for such leave (Saginaw Personnel Regulations, § 5, subds 2, 6).

Appeal from Saginaw; O'Neill (James E.), J. Submitted October 3, 1951. (Docket No. 20, Calendar No. 45,185.) Decided March 6, 1952.

Action by Frank Sovia against City of Saginaw for wages. Directed verdict and judgment for plaintiff. Defendant appeals. Reversed.

*Walter Martin,* for plaintiff.

*W. Vincent Nash, Russell A. Schafer,* and *R. James Harvey,* for defendant.

Carr, J. The plaintiff in this case has been continuously employed in the fire department of defendant city since February, 1923. In the early part of 1948 he was under some disability and employed a physician to diagnose and treat his ailment. Under date of February 10, 1948, he obtained from the physician a letter, the material portion of which read as follows:

"This is to certify that Mr. Frank Sovia has been suffering from an upper respiratory infection and it is advisable that he quit work for a period of at least 60 days."

Plaintiff took the letter to the assistant chief of the department, by whom he was referred to the

chief. After a discussion of the situation and of plaintiff's intention to follow the recommendation of the physician, the chief advised him that under the circumstances his contemplated 60-day absence was somewhat unusual, and asked that he sign a blank form of application for sick leave. This was not done. Plaintiff was then directed to take the letter to the city manager, and did so. It is his claim that arrangements were made and carried out for the taking of X-rays at a hospital. The record does not show what, if anything, was indicated as the result of the X-ray examination.

Without waiting for the city manager to take action with reference to the granting of a leave of absence for the desired period, plaintiff requested the assistant chief of his department to report that he was sick. Two days later he went to Arizona with his wife in accordance with instructions, as he claims, from his physician. Because of the alleged unsatisfactory showing made by plaintiff, leave of absence was not granted. It is conceded that at the time in question plaintiff had accumulated, under the rules and regulations of the city manager pertaining to the fire department, a total sick leave of 60 days. The record indicates that he considered that he was within his rights in absenting himself from his work and taking the trip to Arizona without first obtaining a leave of absence from the city manager.

Plaintiff returned to Saginaw on March 22, 1948, and reported to the chief of the fire department on March 31st thereafter. He was told to resume work on the 1st of April, which he did. On his return he signed an application for sick leave, which was refused. It was the position of the officials of defendant city at the time that plaintiff, in absenting himself from his employment under the circumstances and in the manner indicated, had violated the rules and regulations pursuant to which sick leave is

granted in proper cases. Disciplinary action was taken, resulting in imposing on plaintiff by way of penalty the forfeiture of 4 working days or, as referred to in the record, 2 "Kelly days." Payment for the time of plaintiff's absence from work, and for the 4 days in question, was refused by defendant, and plaintiff brought suit to recover his wages therefor.

On the trial in circuit court before a jury, defendant moved for a directed verdict at the conclusion of plaintiff's proofs, and renewed the motion at the close of defendant's testimony. Defendant sought to reserve the right to go to the jury on certain alleged issues of fact, if the motion were denied. Plaintiff also moved for a directed verdict, with the result that his motion was granted and that of defendant denied. Judgment was entered accordingly, and defendant has appealed. It is the claim of appellant that it was entitled to a directed verdict, and that the action of the trial court was in consequence erroneous.

The principal question at issue involves the interpretation and application of certain provisions of the rules and regulations governing personnel, promulgated by the city manager and in force during the period above mentioned. The validity of such regulations is not challenged. Plaintiff's cause of action is based on them. The granting of sick leave is specifically provided for by section 5, subd 2, of the Personnel Regulations, which reads as follows:

"2. *Sick Leave.* Each regular full-time employee in the classified service, paid on an annual basis, may be allowed 10 working days of leave with pay per service year on account of illness. No employee will be allowed sick leave with pay unless he has served the city at least 6 months. A certificate from a reputable physician may be required as evidence of the illness before compensation for the period of ill-

ness is allowed by the personnel officer. Sick leave may be accumulated if not used during the year granted, but the total accumulation shall not exceed 60 days. Sick leave may be anticipated, that is, it may be used prior to the completion of the calendar year."

The attendance and leave regulations are prefaced by the following statement:

"To insure that each employee in the classified service receives equal consideration in the matter of hours of work and leaves of absence, including an adequate vacation and a reasonable amount of leave with pay in the event of sickness, standard rules governing attendance and leave of absence will be observed as follows:"

Then follow provisions with reference to the keeping of leave records on employee service cards and applications for requests for leave. Plaintiff relies particularly on the following specific provision:

"Requests for sick leave must be filled out immediately upon the employee's return to work and the above procedure followed:"

On behalf of plaintiff it is argued that the provision quoted gave him the right to take his accumulated sick leave without first obtaining a leave of absence for that purpose from the city manager, and that the request made by him on his return to work on April 1, 1948, was sufficient to entitle him to compensation for the period during which he was absent. It is further claimed that the forfeiture of 4 working days by way of penalty was not justified.

On behalf of defendant, attention is directed to section 5, subd 6, of the regulations, in which the following provision is found:

"So far as is practicable, grants of leave shall be made prior to the beginning of the period of ab-

sence and no payment for any absence shall be made unless the leave is properly approved. Where an employee is unable, by reason of illness or other incapacity, to file application for leave in time for payment for such absence on the payroll for the period in which the absence occurred, such payment may be secured on a subsequent payroll after the necessary leave has been granted or application may be filed by a relative or next friend with such supporting evidence as may be required in order that such payment may be allowed."

The trial court came to the conclusion that the provision last quoted had no application to sick leave, and so advised counsel and the jury. The record indicates that plaintiff's motion for a directed verdict was granted on the theory that he was not required to make application for sick leave until after his return to work on April 1st, and that the proceedings taken then were in accordance with the requirements of the personnel regulations. Appellant insists that such ruling is not justified by the proofs.

Supplementing the personnel regulations, above referred to, further rules were adopted under date of January 15, 1945, with reference to the matter of sick leave. In the first section of the supplement the purpose thereof is stated to be "to establish procedure to determine whether or not an employee is entitled to sick leave." Provision is made in subsequent sections for notification to the supervisor or department office of an employee who is unable to report for work on account of illness, for notice to the health department by such supervisor or department, and for visitation and report by a nurse. The personnel officer is required to "review all employee absence reports for approval or disapproval of sick leave." In the event of illness for more than a week

a certificate from the employee's doctor may be required.

In determining the procedure that plaintiff was required to follow in the instant case consideration must be given to all of the rules and regulations of the defendant city relating to the matter. It is apparent that the manager in drafting such regulations had in mind the safeguarding of the rights of the city and of employees. It was recognized, as the provision, above quoted, clearly indicates, that in many instances an employee, unable to report for work because of illness, could not as a practical proposition make application in advance for a leave of absence. The testimony on the trial suggests that such is the situation in the great majority of cases. For that reason the making of the request for the granting of sick leave in such cases was permitted after the employee's recovery and return to work.

In the case at bar the situation was, as claimed by defendant, unusual. The letter from plaintiff's physician which he submitted to the officials of defendant did not indicate whether the respiratory infection from which plaintiff had been suffering was such as to disable him from his work. Apparently it had not done so for some period of time immediately prior to his attempt to take advantage of his accumulated sick leave. The letter did not indicate an emergency requiring that plaintiff immediately quit his employment. As a witness in his own behalf, plaintiff testified in substance that his physician had advised him to go to Arizona, but there was no showing that a reasonable delay in so doing would have resulted to the detriment of plaintiff's health. It may be noted further, in this connection, that the only medical testimony in the record with reference to the nature of "an upper respiratory infection" indicates that the term is generally considered to mean a common

cold, but may be applied to a more serious condition. The letter was not of such character as to reasonably apprise the representatives of the defendant city, including the manager, that plaintiff was suffering from an illness of such a nature that it required his immediate absence from work, such period of absence to extend for 60 days.

It is also of some significance in the case that plaintiff submitted his physician's letter in person and discussed the matter with the chief and assistant chief of his department, and with the manager. There is nothing in the record indicating that his condition at the time was other or different than it had been prior thereto while he was performing his duties as a member of the fire department. Under these circumstances we do not think it can be said that the officials in question acted arbitrarily. We are impressed, also, that under the situation presented, section 5, subd 6, of the personnel regulations, above quoted, was applicable. There is nothing therein from which an inference may be drawn that it was not intended to apply under any circumstances to a grant of sick leave. We are in accord with the claim of the defendant that such application was intended in all cases where, as expressed in said section, it is practicable to obtain leave in advance. A contrary interpretation is not consistent with the language used.

Under the testimony in the case, including that of plaintiff, it is apparent that he had time and opportunity to obtain leave before starting on his trip to Arizona. Compliance with the regulations on which he bases his case required that he do so. In assuming that he had the absolute right to take advantage of his accumulated sick leave without the approval of the city manager, he was mistaken. Plaintiff's right to compensation was limited to services actually rendered, except as the regulations pertaining to

his department extended such right. *Quinlan* v. *City of Cambridge,* 320 Mass 124 (68 NE2d 11). In order to recover in the instant case the burden rested on him to prove that he had complied therewith. This he failed to do. The trial court was in error in holding that section 5, subd 6, above quoted, was not applicable under the facts here involved to a grant of sick leave, and in directing a verdict in favor of the plaintiff predicated on such ruling. Defendant's motion should have been granted.

The judgment is reversed and the case is remanded to the trial court with directions to vacate the judgment entered, and to render judgment for defendant. Appellant may have costs.

NORTH, C. J., and DETHMERS, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred. BUTZEL, J., did not sit.