Dolan, P.J.
Thisisanappealinwhichtheappellantdidnotfollowprocedural requirements. As a result, the information available to this division is limited. Pursuantto Dist/Mun. Cts. R. Civ. P., Rule 64(f), the plaintiff should have filed with the clerk of the trial court five (5) copies of the report as allowed and five (5) copies of his brief. The plaintiff did not file the copies of the report. Consequently, there were no copies of the reports available to be forwarded to this division. Furthermore, the plaintiff neglected to file a brief and neglected to pay the required entry fee.
The failure of an appellant to follow Rule 64(f) may constitute a lack of prosecution which requires a dismissal of the appeal under Rule 64(g). Fortier v. Coady Corp., 1984 Mass.App.Div. 266, 267. See also, McParland v. Rosencranz, 1989 Mass.App.Div. 205. Dist./Mun. Cts. R. Civ. P., Rule 64(g) states in relevant part: “ [i]f a party whose request for a report has been allowed... shall not prosecute the same promptly by preparing the necessary papers ... as herein provided, the appellate division may upon motion or its own initiative order the cause to proceed as though no such claim had been made...”
While dismissal of the report is appropriate because so little information concerning plaintiff’s claim of error is available to this division, nevertheless, some information is available. This action apparently arises out of an alleged breach of a written employment contract The plaintiff claims that upon the expiration of the two-year employment contract, the defendant did not compensate him for 160 days of sick leave that he had accumulated during the two-year period. The employment contract authorized sick leave at the rate of 15 days per year, with a total accumulation not to exceed 160 days. It made no provision for any payment for unused sick leave upon separation from employment, and provided that it set forth the entire agreement between the parties.
The payment of sick leave, for services not performed, has been said to be in the public interest, in that it tends to attract competent and efficient persons to the public service and induces them to remain therein, and that as a result thereof the public secures better services than would be otherwise obtainable. Quinlan v. Cambridge, 320 Mass. 124, 127 (1946). The payment for unused sick leave may also be in the public interest but its purpose is to encourage the provision of services rather than pay for services not performed. As such, it is not a sick leave benefit. It may be separately provided in an employment contract, but if not separately provided, it is not a benefit to which an employee is entitled.
The trial judge allowed defendant’s motion to dismiss or for judgment on the pleadings. A review.of the available information discloses no apparent error of law on the part of the trial judge.
The report is dismissed.