JOSEPH N. CARRIERE *vs.* BOARD OF REGISTRARS OF VOTERS
OF FITCHBURG.

Worcester.  September 28, 1926. — October 19, 1926.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & WAIT, JJ.

*Municipal Corporations,* Plan B Charter, Referendum.

A petition under G. L. c. 43, § 42, for a referendum upon a measure
adopted by the council of a city under the Plan B form of charter
authorized by G. L. c. 43, §§ 1–45, 56–63, must be filed with the city
clerk early enough to enable the registrars of voters to make the
certificate required by § 38, so that the city clerk may present the
petition and certificate to the city council "within twenty days after
the final passage of the measure"; such requirements being mandatory,
rights with respect to the petition are gone if they are not complied with.
The "twenty days after the final passage of the measure," within which a
petition for a referendum under G. L. c. 43, § 42, and the accompanying
certificate by the registrars of voters required by § 38 must be filed
with the city council in order to be of any effect, begin on the date of the
last action by the city council and not on the date of approval by the
mayor.

PETITION, filed in the Supreme Judicial Court for the
county of Worcester on April 12, 1926, for a writ of manda-
mus commanding the respondents "to ascertain by what
number of registered voters" a petition for a referendum on
a measure passed by the city council was signed and what
percentage that number was "of the total number of regis-
tered voters, and attach thereto their certificate showing
the result of such examination."

The case was reserved by *Pierce,* J., upon the pleadings
and an agreed statement of facts for determination by the
full court.

*A. A. Gelinas,* for the petitioner.

*C. T. Flynn,* for the respondent.

RUGG, C.J.   This is a petition for a writ of mandamus to
compel the defendants to examine and certify an alleged
referendum petition as required by G. L. c. 43, § 38.   The
city of Fitchburg duly adopted as its charter Plan B of St.
1915, c. 267, now G. L. c. 43, §§ 1–45, 56–63.   The order or

vote of the city council here sought to be made the subject of referendum was finally passed by the city council on March 16, 1926, and approved by the mayor on March 26, 1926. Late in the afternoon of April 5, 1926, being the twentieth day after the passage of said order or vote by the city council, an alleged referendum petition bearing a large number of signatures was filed with the city clerk. It was impossible, by reason of lack of time, for the registrars of voters to examine said petition and make the certificate required by said § 38 on that day, and acting under the advice of the city solicitor they refused to do so at a later time.

It is provided by G. L. c. 43, § 42, that if, "within twenty days after the final passage of any measure by the city council," a petition for a referendum, signed by the requisite number of voters, "is presented to the city council," then, if such measure is not rescinded, there shall be a referendum vote thereon by the registered voters of the city. It is provided further by § 38, the provisions of which by § 42 are made applicable to referendum petitions, that such referendum petition must be filed in the office of the city clerk and that within five days after the filing of such petition "the registrars of voters shall ascertain by what number of registered voters the petition is signed, and what percentage that number is of the total number of registered voters, and shall attach thereto their certificate showing the result of such examination. The city clerk shall forthwith transmit the said certificate with the said petition to the city council." The effect of these provisions is that there is no specification as to the time after the passage of the measure within which the referendum petition shall be filed with the city clerk, except that by necessary implication it must be early enough to enable the registrars of voters to make the certificate required by § 38, so that the city clerk may present the petition and certificate to the city council "within twenty days after the final passage of the measure." These statutory directions as to time are mandatory and not simply directory. If they are not complied with, the rights with respect to a referendum petition are gone. *Sterling* v. *Leyland & Co. Ltd.* 242 Mass. 8, 13.

The date from which the twenty days begins to run is the "final passage of the measure" by the city council, which means in this context the date of the last action of the city council concerning it, and does not mean the date of approval by the mayor. Approval by the mayor is an executive act, which in the nature of things must be subsequent to the final passage by the city council.

It follows that the petition in the case at bar was not presented to the city council within the time required by § 42, because it was not filed with the city clerk in season to enable the registrars to make the required examination and certificate, which are essential prerequisites to presentation of the petition to the city council.

It becomes unnecessary to consider the other grounds urged by the respondents in defence.

*Petition dismissed.*