JACOB BLUME & others *vs.* WILLIAM SHENKEL & SONS COMPANY.

Suffolk. January 7, 1929. — January 11, 1929.

Present: RUGG, C.J., CROSBY, CARROLL, & SANDERSON, JJ.

*Supreme Judicial Court,* Stipulation, Moot case. *Equity Jurisdiction,* Specific performance, Retention for assessment of damages. *Equity Pleading and Practice,* Appeal: record.

A suit in equity, seeking to have enforced by injunction the provisions of a contract, was heard fully upon its merits and a final decree was entered dismissing the bill without prejudice to an action at law if the plaintiff "shall be so advised." The plaintiff appealed from that decree. The parties filed a stipulation in this court to the effect that, in accordance with its terms, the contract had been terminated subsequent to the entry of the decree. *Held,* that

(1) The stipulation was accepted by this court and made a part of the record;

(2) The question, whether the injunctive relief sought by the plaintiff should have been granted, had become moot and could not be considered by this court;

(3) The determination of the question, whether the suit should be retained for the assessment of damages, was within the discretion of the trial judge; in the circumstances, the final decree was an exercise of discretion against such retention;

(4) The decree could not be said to be erroneous and must be affirmed.

BILL IN EQUITY, filed in the Superior Court on February 20, 1928.

The suit was heard by *Weed,* J. The bill, a final decree entered by order of the judge on June 25, 1928, and a stipulation between the parties filed in this court on January 8, 1929, are described in the opinion. The plaintiffs appealed from the final decree.

*B. Tannenbaum,* for the plaintiffs.

*F. L. Kozol,* for the defendant.

RUGG, C.J. This suit in equity was brought to enforce by injunctive relief the provisions of a contract between a voluntary association of workers and a corporate defendant as to arbitration of their differences arising under the con-

tract touching those to whom work should be given. One clause of the contract is: "This agreement shall go into effect immediately and remain in force for one year and shall renew itself from year to year unless notice of renewal or abrogation shall be given by one party to the other thirty (30) days before each anniversary date."

The case was heard before a judge of the Superior Court who made a full finding of facts on the merits. In accordance with this finding a final decree was entered dismissing the bill. The plaintiffs appealed. When the case came on to be heard in this court the parties stipulated that pursuant to the terms of the contract it had come to an end and ceased to exist on September 7, 1928. This stipulation is accepted and made a part of the record. *Twombly* v. *Selectmen of Billerica*, 262 Mass. 214, 216. Since the contract has come to an end no injunctive relief can be granted concerning its provisions which relate to conditions dependent upon its continuance. That issue has become moot and will not be considered. *Sullivan* v. *Secretary of the Commonwealth*, 233 Mass. 543, 546.

It is urged that jurisdiction of the suit ought to be retained in order to assess whatever damages the plaintiffs may show they have suffered. The Superior Court judge, in entering order for a final decree dismissing the bill, stated that it was "without prejudice to an action at law if the plaintiffs shall be so advised." This in substance was embodied in the final decree. It is general chancery practice that, where peculiar equitable relief is refused, it is discretionary with the court whether to retain jurisdiction for the purpose of assessing damages or to dismiss the bill and leave the plaintiff to his remedy at law. *Newburyport Institution for Savings* v. *Puffer*, 201 Mass. 41, 47, 48. It is manifest that the trial judge exercised his discretion against retaining jurisdiction of the bill for the assessment of damages. We cannot say that there was error in this disposition of the case.

*Decree affirmed with costs.*