HENRY P. BROWN & others vs. CITY COUNCIL OF
CAMBRIDGE & others.

Middlesex.   January 9, 1935. — January 29, 1935.

Present: RUGG, C.J., FIELD, DONAHUE, LUMMUS, & QUA, JJ.

*Supreme Judicial Court*, Moot question.   *School and School Committee.*

This court does not decide moot questions.

A reservation, argued before this court in January, 1935, of a suit in
equity under G. L. (Ter. Ed.) c. 40, § 53, to restrain the expenditure
of money by a city, having a Plan B form of government, for a special
election respecting the school committee budget for the fiscal year
1934, called under G. L. (Ter. Ed.) c. 43, § 42, for May, 1934, fol-
lowing the filing of a petition of protest, presented a moot question
only where it appeared that such election had not been held and that
the committee during 1934 had not made expenditures objectionable
to the plaintiffs; and the bill was ordered dismissed.

BILL IN EQUITY, filed in the Supreme Judicial Court for
the county of Middlesex on May 10, 1934, and afterwards
amended, described in the opinion.

The suit was reserved by *Lummus*, J., for determination
by the full court.

*Herbert Parker*, (*Haven Parker* with him,) for the plaintiffs.

*E. L. Twomey*, City Solicitor, for the defendants.

RUGG, C.J.   The plaintiffs are more than ten taxpayers
of the city of Cambridge.   The defendants are the mem-
bers of the city council and of the election commission
of Cambridge.   The suit was brought under G. L. (Ter.
Ed.) c. 40, § 53, to restrain the defendants from expend-
ing any money or incurring any obligation in connection
with a special election, from submitting a question to the
voters at a special election, and for other relief.

Succinctly stated, the controversy arose from these
facts: In March, 1934, the school committee of Cambridge
adopted a budget for the financial year 1934 amounting to
$1,979,123.83.   St. 1926, c. 184.   Within twenty days there-
after, a petition signed by the required number of registered

voters protesting against the taking effect of the budget of the school committee for the financial year 1934 in excess of $1,847,955.57, the amount expended for the school department in the financial year 1933, was filed under G. L. (Ter. Ed.) c. 43, §§ 38, 42. The school committee thereupon did not alter nor rescind the budget in any part. The city council called a special election to be held in May, 1934, but prior to that time the present bill was filed and a temporary injunction, which has not been dissolved, issued against the holding of such special election. Cambridge was at all times here material governed under Plan B city charter, the provisions of which are set forth in G. L. (Ter. Ed.) c. 43, §§ 1–45 and §§ 56–63. By § 42, upon the filing of a petition such as has been described protesting against a "measure" passed by the school committee "or any part thereof" "the same shall . . . be suspended from taking effect," and if not rescinded upon reconsideration "the city council shall submit the same . . . to a vote of the registered voters of the city, either at the next regular city election, or at a special election which may, in its discretion, be called for the purpose . . . ."

The suit was reserved for the determination of the full court. It was argued on January 9, 1935. In response to questions by the court, it was agreed by counsel that the financial year of Cambridge for 1934 corresponded with the calendar year 1934 (G. L. [Ter. Ed.] c. 43, § 15, as amended by St. 1933, c. 313, § 7), and that the schools of Cambridge for the year 1934 had been in fact operated on the basis of an appropriation of $1,847,955.57. It is to be presumed that at least that sum was included in the tax levy for 1934. G. L. (Ter. Ed.) c. 59, § 23; c. 71, § 34.

Interesting questions were raised and argued upon the merits of the suit. Those questions need not be considered. They have become moot. Manifestly, the public schools must be maintained and the cost thereof must be raised by taxation year by year. G. L. (Ter. Ed.) c. 71, §§ 1, 34. Popular vote touching the amount of a budget for the support of public schools for a specified year cannot be and become effective (even if otherwise permissible)

after the expiration of that year.  Such procedure would be vain and empty and would come to naught.  Therefore, before the argument of the case at the bar of this court, it had become impossible to hold any special election respecting the matter set forth in the petition.  Any decision by this court as to the expenses of such election would be unavailing because no such expenses can be incurred.  This court does not decide moot questions.  *Sullivan* v. *Secretary of the Commonwealth*, 233 Mass. 543, 546. *Blume* v. *William Shenkel & Sons Co.* 266 Mass. 15.  *Greenwood* v. *Registrars of Voters of Fitchburg*, 282 Mass. 74, 80. *Brownlow* v. *Schwartz*, 261 U. S. 216.

*Bill dismissed.*