SUSAN M. CLEMENTS & others *vs.* TREASURER OF
CAMBRIDGE & others.

Middlesex.    February 10, 1949. — March 8, 1949.

Present: QUA, C.J., LUMMUS, RONAN, WILKINS, & SPALDING, JJ.

*Municipal Corporations*, Municipal finance, Officers and agents, Charter.
  *Cambridge.*

An ordinance adopted by the city council of Cambridge in November,
   1948, to take effect January 1, 1949, increasing salaries in the police
   and fire departments was invalid under G. L. (Ter. Ed.) c. 44, § 33A,
   as appearing in St. 1947, c. 298, § 1, notwithstanding St. 1935, c. 214, § 1.
St. 1935, c. 214, is a part of the city charter of Cambridge so as to be
   governed by the limitations on salary increases imposed by G. L.
   (Ter. Ed.) c. 44, § 33A, as appearing in St. 1947, c. 298, § 1, "Not-
   withstanding any contrary provision of any city charter."

PETITION, filed in the Superior Court on December 20,
1948.

Police Good Will Club and City Fire Fighters Union,
Local 30, were permitted to intervene as respondents.

The case was reported to this court by *Warner*, J., without
decision.

*L. Wheeler, Jr.*, for the petitioners.
*R. C. Evarts*, (*E. J. Duggan* with him,) for the interveners.
*J. A. Daly*, City Solicitor, for the respondents.

LUMMUS, J.    This is a petition under G. L. (Ter. Ed.)
c. 40, § 53, by ten or more taxable inhabitants of Cambridge,
against the city, its treasurer, its auditor and its manager, to
restrain the payment of increased salaries in its police and
fire departments provided for by an ordinance enacted by
the city council on November 22, 1948, to take effect on
January 1, 1949.    The allegations of fact contained in the
petition were admitted, and the judge reported the case
without decision.

Since January 1, 1942, the city of Cambridge has been

governed by Plan E, described in G. L. (Ter. Ed.) c. 43, §§ 93–116, as inserted by St. 1938, c. 378, § 15, and as amended. *Moore* v. *Election Commissioners of Cambridge,* 309 Mass. 303. *Bell* v. *Treasurer of Cambridge,* 310 Mass. 484. *Allen* v. *Cambridge,* 316 Mass. 351. *Quinlan* v. *Cambridge,* 320 Mass. 124. It is agreed that in Cambridge the calendar year is the financial year.

The annual budget for the year 1948 was submitted by the city manager to the city council on February 16, 1948, and was adopted by the city council on March 31, 1948. It provided for the same salaries in the police and fire departments that were in force in 1947. On November 22, 1948, the city council adopted an ordinance, to take effect January 1, 1949, increasing those salaries. No provision for the increases in salaries had been made by any supplemental appropriation.

By G. L. (Ter. Ed.) c. 44, § 33A, no increase in salaries could be made during the financial year subsequent to the submission of the annual budget unless provision therefor had been made by means of a supplemental appropriation. Under that statute it was held that a city council could increase salaries in one year to take effect at the beginning of the succeeding year. *Rock* v. *Pittsfield,* 316 Mass. 348, 350. But by St. 1947, c. 298, § 1, it was provided that "no ordinance providing for an increase in the salaries or wages of municipal officers or employees shall be enacted . . . unless it is to be operative for more than three months during the financial year in which it is passed." The ordinance was obnoxious to that statute, because the increases were not to be operative during the year 1948.

The respondents invoke St. 1935, c. 214, § 1, which provides that "Salaries of the members of the police and fire departments of the city of Cambridge shall be fixed by ordinance of said city, the provisions of any special or general law to the contrary notwithstanding." The effect of the adoption of a Plan E charter upon that statute was not decided in *Quinlan* v. *Cambridge,* 320 Mass. 124, 126, where the point was not argued. But St. 1935, c. 214, is in

law a part of the Cambridge city charter, for G. L. (Ter. Ed.) c. 4, § 7, Fifth, defines "Charter" as including "any special act or provision" relating to a city or town. And in *Cunningham* v. *Mayor of Cambridge*, 222 Mass. 574, 577, it was said that "The adoption by the voters of one of the four Plans of city charter specified in St. 1915, c. 267, is the equivalent of a new charter especially enacted by the Legislature for the adopting city." General Laws (Ter. Ed.) c. 44, § 33A, as appearing in St. 1947, c. 298, § 1, already cited, provides that the requirements there made for increases in salaries shall apply "Notwithstanding any contrary provision of any city charter." We think that that provision now restricts the power of the city council under St. 1935, c. 214, § 1. It follows that the ordinance adopted on November 22, 1948, is invalid.

*Decree for petitioners.*