CITY OF EVERETT vs. MABEL CURNANE.

Middlesex.    November 3, 1952. — November 28, 1952.

Present: QUA, C.J., LUMMUS, SPALDING, WILLIAMS, & COUNIHAN, JJ.

*Municipal Corporations*, Officers and agents, Employees.    *School and School Committee.    Everett.*

The charter granted to the city of Everett by St. 1892, c. 355, is still in effect, and G. L. (Ter. Ed.) c. 43, § 32, as amended by St. 1949, c. 318, is inapplicable in that city, because it has not adopted any of the plans of government provided in c. 43; and in the absence of anything in the charter to prevent it, one may be a member of the school committee and at the same time be employed for compensation in the welfare department of the city.

BILL IN EQUITY, filed in the Superior Court on November 23, 1951.

The suit was heard by *Morton*, J.

*Harris E. Albert*, City Solicitor, for the plaintiff, submitted a brief.

*Louis J. Blender*, (*Jerome Medalie* with him,) for the defendant.

COUNIHAN, J.    This is a bill in equity for a declaratory decree.    G. L. (Ter. Ed.) c. 231A, inserted by St. 1945, c. 582, § 1.    Originally a controversy existed between the city of Everett and William J. Brickley, Junior, relative to the right of Brickley to hold an elective office as a member of the school committee of Everett while employed for compensation in the welfare department of the city under civil service.    The case was submitted to a judge of the Superior Court upon a "Statement of Agreed Facts."    The judge made findings of facts in addition to those in the "Statement" and entered a decree that Brickley "may lawfully hold his position as a member of the school committee and at the same time serve as a social worker of the department of public welfare of the city of Everett and receive compensation therefor."    The city appealed.

Subsequent to the entry of the appeal in this court Brickley resigned as a member of the school committee. On motion Mabel Curnane, whose status was the same as that of Brickley, was substituted as a defendant by this court, upon her stipulation to be bound by all proceedings theretofore had in this suit as if she had been the original defendant. Thus a controversy similar to the original one exists.

The judge found that the charter of the city of Everett was granted by St. 1892, c. 355, and with certain amendments not here material is still in effect. Section 20 of c. 355 expressly provides that no member of the city council shall hold any other position the salary of which is payable from the city treasury. There is no such provision applicable to members of the school committee.

The city relies upon G. L. (Ter. Ed.) . c. 43, § 32, as amended by St. 1949, c. 318, which reads in part, "No member of the school committee, except the mayor, shall, while a member thereof, hold any other office or position the salary or compensation for which is payable out of the city treasury."

Chapter 43 in its entirety is permissive legislation and becomes mandatory only upon adoption of one of the charter plans enumerated therein. The applicability of c. 43 is expressly conditioned upon the acceptance of one of the charters described therein, by any city except Boston, in the manner described therein. Section 2 provides that "Any city, except Boston, which shall adopt, in the manner hereinafter prescribed, one of the plans of government provided in this chapter shall *thereafter* [emphasis supplied] ·be governed by the provisions thereof . . . ." Section 45 provides that "Sections one to forty-four G, inclusive, shall, upon the adoption by any city of any of the plans hereinafter set forth, apply to the plan so adopted, except as is otherwise provided in such plan." Section 5, as amended, expressly continues existing charters. It reads, "Until superseded under this chapter, the organization of the executive and administrative departments, and the powers and duties of the officers and *employees* [emphasis supplied] of

any city adopting any of the plans provided for in this chapter . . . shall remain as constituted at the time of the adoption of such plan . . . ." Furthermore, § 11, as appearing in St. 1941, c. 640, § 2, provides that no provision of a city charter shall be superseded until a majority of the total number of votes cast at a regular city election for and against the adoption of one of the plans of government shall be in favor of such adoption.

It is conceded that none of the charters provided for in c. 43 has ever been adopted by the voters of the city of Everett. The charter granted by St. 1892, c. 355, is therefore still in effect and none of the provisions of c. 43 has any application to the situation which here exists.

It follows therefore that in the absence of any bar in the present charter of the city of Everett the defendant is not precluded from continuing to be a member of the school committee and at the same time holding her position as a social worker for compensation in the welfare department of the city.

*Decree affirmed with costs*
*of the appeal.*