VINCENT P. FOLEY & others *vs.* CITY OF LAWRENCE
& others.

Essex.   April 3, 1957. — May 8, 1957.

Present: WILKINS, C.J., RONAN, SPALDING, COUNIHAN, & CUTTER, JJ.

*Municipal Corporations,* Municipal finance, By-laws and ordinances, Initiative.   *Lawrence.*

An ordinance increasing salaries of certain employees of the city of Lawrence, adopted by the city council on November 13, to be effective on November 24, of the municipal election year 1956 pursuant to an initiative petition under Part II, § 64, of the city charter, St. 1911, c. 621, without a supplemental appropriation for the increase, was invalid under G. L. (Ter. Ed.) c. 44, § 33A, as appearing in St. 1955, c. 358.   [62–63]

G. L. (Ter. Ed.) c. 44, § 33A, as appearing in St. 1955, c. 358, was applicable to an ordinance increasing the salaries of certain employees of the city of Lawrence adopted by the city council and effective in 1956 pursuant to an initiative petition under Part II, c. 64, of the city charter, St. 1911, c. 621.   [63]

BILL IN EQUITY, filed in the Supreme Judicial Court for the county of Essex on December 7, 1956.

The suit was reserved and reported without decision by *Spalding,* J.

*Michael J. Batal,* for the plaintiffs.

*James P. Kane,* City Solicitor, for the defendants.

CUTTER, J. Each of the plaintiffs is a member of either the police department or the fire department of the city of Lawrence. They bring this bill under G. L. (Ter. Ed.) c. 231A, in behalf of themselves and all other members of these departments, against the city, the mayor and the director of finance, the city auditor and the city treasurer to obtain a binding declaration with respect to the validity of an ordinance adopted by the city council on November 13, 1956 (and to become effective November 24, 1956[1]), increasing all salaries in these departments by ten per cent. This ordinance was presented to the city council as an initiative petition signed by more than ten per cent of the number of registered voters voting for mayor at the last preceding city election, a number sufficient to meet the requirements of the applicable provisions of the city charter, St. 1911, c. 621, Part II, § 64,[2] and was passed without alteration.

Payrolls covering the periods November 18–24, 1956, and November 25–December 1, 1956, for the two departments (and containing the ten per cent increase beginning with November 24) were submitted to the city auditor for approval as required by G. L. (Ter. Ed.) c. 41, § 52. The auditor refused to approve the payrolls on the ground that the ordinance passed on November 13 was invalid under a section of the municipal finance act, G. L. (Ter. Ed.)

---

[1] See St. 1911, c. 621, Part II, § 30.

[2] The provisions of § 64 require that, upon the filing of an initiative petition, proposing a measure, signed by more than ten per cent of the registered voters voting for mayor at the last city election, "the city council shall (c) Pass the measure therein set forth . . . without alteration, within twenty days after . . . [the] attachment of the certificate of sufficiency [of the number of signatures], or (d) Submit the same to the qualified voters of the city at the next annual city election." An earlier provision of § 64 makes it plain that action by the city council is required or permitted only "provided said measure be one which it [the city council] has a legal right to pass."

c. 44, § 33A, as appearing in St. 1955, c. 358, which reads in part: "The annual budget shall include sums sufficient to pay . . . salaries . . . fixed by law or by ordinance. *Notwithstanding any contrary provision of any city charter,* no ordinance providing for an increase in the salaries or wages of municipal officers or employees shall be enacted . . . *unless it is to be operative for more than three months during the financial year in which it is passed;* provided, however, that *in any year other than a regular municipal election year,* ordinances may be enacted by a two thirds vote during the month of December providing for an increase in . . . salaries and wages . . . to become effective as of January first of the next ensuing year. *No* new position shall be created or *increase in rate made by ordinance,* vote or appointment *during the financial year subsequent to the submission of the annual budget unless provision therefor has been made by means of a supplemental appropriation. . . ."* (emphasis supplied).

No supplemental appropriation was passed by the city council to meet the salary increase. Under the city charter (St. 1911, c. 621, Part II, § 5) it was provided (when the initiative petition was being considered) that the municipal election "shall take place *annually* on the second Tuesday of December, and the municipal year shall begin . . . the first Monday in January, and shall continue until . . . the first Monday of the following January" (emphasis supplied). See also § 3 and § 6 as amended by St. 1914, c. 363, § 1.

At the request of the parties, the single justice of this court, by whom the bill was heard, reserved and reported the case without decision for the determination of the full court upon the pleadings and a statement of agreed facts, in which, or in the allegations of the bill admitted by the answer, appear the facts summarized above.

1. The ordinance was not valid if the initiative petition and the subsequent enactment of the ordinance therein proposed were subject to the provisions of G. L. (Ter. Ed.) c. 44, § 33A, as amended, which is quoted above. See *Clements v. Treasurer of Cambridge,* 324 Mass. 73, 74–75. It was not

"to be operative for more than three months during the financial year in which it" was passed, which expired on January 7, 1957. See *Allen* v. *Cambridge,* 316 Mass. 351, 356–357. See also St. 1911, c. 621, Part II, § 5. The proviso, that in any year other than an election year a salary increase may be adopted to become effective on January first of the next ensuing year, does not operate to sustain the ordinance, because 1956 was an election year. Assuming, as is asserted in the answer, that the annual budget was adopted on February 27, 1956 (see G. L. [Ter. Ed.] c. 44, § 32, as appearing in St. 1941, c. 473, § 2, as amended by St. 1953, c. 79), the ten per cent pay increase adopted on November 13, 1956, was also invalid because no supplemental appropriation was made to meet it, as required by § 33A. Compare *Opinion of the Justices,* 323 Mass. 764, 766–767.

2. It is plain that § 33A does apply to the pay increase ordinance. The provisions of the second sentence of § 33A are expressly to be effective "Notwithstanding any contrary provision of any city charter." A more explicit and imperative statement of the legislative intention could hardly have been made. The initiative provision in § 64 of Part II of the city charter is clearly a provision which is overridden by the second sentence of § 33A. It is of significance, also, that § 64 governing the initiative petition (see note 2 above) is to apply only "provided said measure be one which it [the city council] has a legal right to pass." The council under § 33A could not lawfully have passed on November 13, 1956, the ordinance of that date to become effective ten days later because it could not have been operative for more than three months in the then current fiscal year.

3. The plaintiffs argue in effect (1) that § 33A, as amended, prevented any operation of the initiative provisions of § 64 of the Lawrence city charter with respect to salary increases; (2) that the amendment of § 33A by St. 1955, c. 358 (inserting the proviso in the second sentence of § 33A), was intended to relax somewhat the restrictions of the second sentence (as inserted by St. 1947, c. 298, § 1)

upon salary increases; and (3) that the Legislature by the 1955 amendment cannot have intended to do a futile thing or "to pass a barren and ineffective statute." See *Allen* v. *Cambridge,* 316 Mass. 351, 355–356. The contention is without merit. The 1955 amendment was an act of State wide application. It would have a very definite effect in permitting salary increases in December of any nonelection year, to be effective the following year, in those cities which then had biennial elections, as was the case in certain cities in the Commonwealth. The circumstance that in Lawrence every year was an election year prior to 1957 (see St. 1956, c. 82, providing for biennial elections in Lawrence after January 1, 1957) does not make the 1955 State wide legislation futile or ineffective. Statute 1955, c. 358, was based on the report, 1955 Senate Doc. No. 675, of the special commission on budgetary procedure in cities (see Res. 1954, c. 107; Res. 1955, c. 31). It is clear from this report that there was no intention to relax the safeguards of § 33A against salary increases late in the financial year except to the strictly limited extent set forth in the 1955 amendment.[3]

The Legislature has always attached importance to the statutory regulation, found in G. L. (Ter. Ed.) c. 44, of the financial affairs of cities and towns, in the interest of prudent fiscal management and continued solvency. See *Flood* v. *Hodges,* 231 Mass. 252, 256; *Decatur* v. *Auditor of Peabody,* 251 Mass. 82, 87, where, however, the court at pages 88–89 pointed out that certain statutory provisions relating to school appropriations were not subject to certain provisions of c. 44; *Gilet* v. *City Clerk of Lowell,* 306 Mass. 170, 173; *Rock* v. *Pittsfield,* 316 Mass. 348, 350. It is, accordingly,

---

[3] It may be noted, also, that, even under the 1955 amendment, an initiative petition (proposing a salary increase) within § 64 of the Lawrence city charter perhaps could have become effective (a) if based upon a sufficient number of voters' signatures (namely, twenty-five per cent of the number of votes cast for the office of mayor at the last election, which, under a provision of § 64 not quoted in note 2 above, would have required the council under some circumstances to call a special election if it did not pass the measure proposed in the initiative petition); (b) if filed early enough in the financial year so that the measure if adopted would be operative for more than three months in that year; and (c) if otherwise complying with § 33A and § 64.

unlikely that there was any intention[4] on the part of the Legislature that § 33A as amended should not control the provisions of the Lawrence city charter here under consideration, even if there should be any repugnancy between them (which we do not intimate). General Laws (Ter. Ed.) c. 44 "should be construed so as to effectuate its 'salutary and important purpose.'" *Haffner* v. *Director of Public Safety of Lawrence*, 329 Mass. 709, 713.

4. The plaintiffs also argue (on the basis of cases like *Gorman* v. *Peabody*, 312 Mass. 560, and *Troland* v. *Malden*, 332 Mass. 351, 355, and cases cited, discussing various referendum provisions) that (because designed to permit expression of the direct will of the people) the initiative provisions contained in § 64 of the city charter must be construed as intended by the Legislature to control express limitations contained in § 33A upon the legislative power of the city council. These cases discussing referendum provisions have no application here. Neither the initiative nor the referendum provisions of the Lawrence city charter (see analogy of G. L. [Ter. Ed.] c. 43, §§ 37–42, as amended) purport to enlarge the type and scope of the matters which lawfully may be the subject of legislative action by the city council. They, in general, merely substitute, in the manner and to the extent provided by § 64, the action of the voters for action of the city council in respect of measures within the council's authorized legislative jurisdiction and subject to applicable statutory limitations. See *Dooling* v. *City Council of Fitchburg*, 242 Mass. 599, 602, referring to the referendum provisions there considered as applicable only to "'measures' *within the jurisdiction* of the city council" (emphasis supplied); *Gorman* v. *Peabody*, 312 Mass. 560, 569, where the referendum is spoken of as applicable to

---

[4] For further evidence of the legislative purpose behind § 33A see the report in 1947 House Doc. No. 410, at pages 6–7, of the committee on municipal finance of the Legislature on a further investigation of the laws relating to municipal finance, pursuant to Res. 1946, c. 40, upon which in turn were based 1947 House Doc. No. 1858, 1947 House Doc. No. 1988, and St. 1947, c. 298, § 1, inserting in § 33A the first part of what is now the second sentence of that section.

measures adopted by "the school committee, in the *proper* exercise of its statutory duties" (emphasis supplied).

5. A decree is to be entered, with no award of costs, declaring that the ordinance adopted by the city council of Lawrence on November 13, 1956, is invalid and of no effect by reason of the provisions of G. L. (Ter. Ed.) c. 44, § 33A, as amended, and that the plaintiffs are entitled to no substantive relief against the defendants based upon that ordinance.

*So ordered.*