NICOLA J. MORRA & others *vs.* CITY CLERK OF NEW BEDFORD & others
(and a companion case between the same parties).

Bristol.  December 8, 1959. — January 7, 1960.

Present: WILKINS, C.J., SPALDING, COUNIHAN, WHITTEMORE, & CUTTER, JJ.

*Municipal Corporations*, Referendum, By-laws and ordinances, Municipal finance. *Equity Pleading and Practice*, Decree.

A pay increase ordinance duly enacted in a city in December pursuant to the proviso in the second sentence of G. L. c. 44, § 33A, as amended through St. 1955, c. 358, was subject to the referendum provided for by the city's Plan B charter. [242–244]

A restraining order entered in a suit in equity would not have survived the entry of the final decree, so that it was unnecessary to provide in the final decree for the dissolution of the restraining order. [244]

In a suit in equity seeking injunctive relief against certain action by municipal officers and declaratory relief as to the validity of such action, a final decree adjudging the action to be valid should not have also dismissed the bill "as to all matters . . . not pertinent to" the declaratory relief. [244]

BILL IN EQUITY and PETITION for a writ of mandamus, both filed in the Superior Court on December 22, 1958.

The cases were heard by *Thompson, J.*

*Gerald P. Walsh*, for the plaintiffs-petitioners.

*William B. Perry, Jr.*, Assistant City Solicitor, (*Bernard Kestenbaum*, Assistant City Solicitor, with him,) for the defendants-respondents.

WHITTEMORE, J. The city council of New Bedford on December 15, 1958, in a year "other than a regular municipal election year" (G. L. c. 44, § 33A, as amended through St. 1955, c. 358) by an affirmative vote of more than two thirds of the council, passed over the mayor's veto an ordinance to become effective January 1, 1959, which provided a ten per cent increase to each member of the police and fire departments. On December 17, 1958, there was filed with the registrars of voters a referendum petition protesting the ordinance. The plaintiffs, being several members of the police department and of the fire department, brought a bill of complaint to restrain the city councillors and the city clerk from further acting upon the ordinance. A restraining order issued. The bill was amended to ask for a declaratory decree. The same individuals sought a writ of mandamus to command the same officials not to proceed further in respect of the ordinance. The cases were heard in the Superior Court on a statement of agreed facts. A final decree in the equity case adjudged the referendum petition to be a valid action and dismissed the bill as to matters not pertinent to the bill for declaratory relief. In the mandamus proceedings there was an order for judgment for the respondents.

These appeals of the plaintiffs and petitioners (hereinafter "plaintiffs") present the question of the effect of G. L. c. 44, § 33A, upon the referendum provisions of the New Bedford Plan B charter. The relevant provisions are set out in G. L. c. 43, § 42, as amended through St. 1935, c. 68, § 2 (to be read with §§ 37, 38, and 39).

The provision in G. L. c. 44, § 33A, upon which the plaintiffs rely is the second sentence reading as follows: "Notwithstanding any contrary provision of any city charter, no ordinance providing for an increase in the salaries or wages of municipal officers or employees shall be enacted except by a two thirds vote of the city council, nor unless it is to be operative for more than three months during the financial year in which it is passed; provided, however, that

in any year other than a regular municipal election year, ordinances may be enacted by a two thirds vote during the month of December providing for an increase in the salaries and wages of officers and employees, to become effective as of January first of the next ensuing year."[1]

We are unable to accept the plaintiffs' construction that the provisions for a referendum are contrary to the requirements of § 33A. It is true that in a broad sense the referendum procedure, if invoked, becomes a part of the enactment procedure. See *Foley* v. *Lawrence*, 336 Mass. 60, 65; *Robinson* v. *Selectmen of Watertown*, 336 Mass. 537, 543–546. The referendum petition forces reconsideration by the city council, and provides opportunity for what is in effect a voters' veto.[2] We think, however, that the second sentence of § 33A is primarily, at least, a limitation on the enactment power of the city council, that such new power as the proviso grants is not exclusive, and that nothing in the sentence affects the power of voters to have a part in determining whether a measure shall take effect. The context is a related group of general and particular provisions stating how and to what extent the city council may act in respect of the budget and salary and wage increases outside the budget. Section 32 requires that the mayor submit an annual budget and sets out the council's powers in approving, reducing, rejecting and adding thereto and preparing a budget if the mayor does not submit one. Section 33 gives the council

---

[1] The other provisions of § 33A are these: "The annual budget shall include sums sufficient to pay the salaries of officers and employees fixed by law or by ordinance. . . . [Second sentence, omitted, see text.] No new position shall be created or increase in rate made by ordinance, vote or appointment during the financial year subsequent to the submission of the annual budget unless provision therefor has been made by means of a supplemental appropriation. No ordinance, vote or appointment creating a new position in any year in which a municipal election is held shall be valid and effective unless said ordinance, vote or appointment is operative for more than three months during said municipal election year."

[2] Section 42 of the charter, and of G. L. c. 43, provides that upon the filing of the petition the measure "shall . . . be suspended from taking effect," and that the city council shall "immediately reconsider such measure," and "if . . . [it is] not entirely rescinded, the city council shall submit the same . . . to a vote of the registered voters . . . and such measure . . . shall forthwith become null and void unless a majority of the registered voters voting on the same . . . vote in favor thereof."

power, in specified circumstances, by a two-thirds vote, to make an appropriation for a purpose deemed necessary and not included in the budget. Section 33A requires that the budget provide for fixed salaries and places limitations on action by "ordinance, vote or appointment" which would increase salaries or create new positions.

The proviso in § 33A which enabled the city council to pass the ordinance in December of a nonelection year was added by St. 1955, c. 358. This was recommended in 1955 Senate Doc. No. 675, a "Report of the Special Commission on Budgetary Procedure in Cities." The report states (pp. 13–14), "While the Commission recognizes that the mayor . . . has great responsibility . . . it also recognizes that city councils cannot be deprived completely of some responsibility in the financial affairs of a city. . . . The Commission feels that it is during this period [after December 1] in a non-municipal election year that city councils be permitted to consider ordinances providing for salary and wage increases." This shows an intent to apportion certain powers between the mayor and the city council and the absence of any basis for implying a limitation on referendum power otherwise applicable. See Brucato v. Lawrence, 338 Mass. 612, 618. See, also, for construction of "Notwithstanding" clauses, Mathewson v. Contributory Retirement Appeal Bd. 335 Mass. 610, 614–616.

The second sentence of § 33A was applied, prior to the 1955 amendment, to "restrict . . . the power of the city council" otherwise existing in Clements v. Treasurer of Cambridge, 324 Mass. 73, 75, and Booker v. Woburn, 325 Mass. 334, 336. The holding in Foley v. Lawrence, 336 Mass. 60, relied on by the plaintiffs, is consistent with our construction of § 33A, and the opinion supports it. In that case we held that, notwithstanding that a pay increase ordinance was initiated under the initiative procedure, it was invalid because its enactment violated G. L. c. 44, § 33A. It was argued (p. 63) that if § 33A applied to the initiative provisions its effect was to prevent any operation of those provisions in respect to salary increases. We rejected this con-

tention (p. 64) and, in a footnote, pointed out that an initiative petition, notwithstanding St. 1955, c. 358, "perhaps could have become effective . . . if otherwise complying with § 33A and [the initiative requirements]." The statement of the opinion (p. 63) that "The initiative provision . . . is clearly . . . overridden by the second sentence of § 33A" means only, as the case holds, that it is overridden as authority for council action not conforming to § 33A.

There is nothing in the nature of this ordinance which calls for its exemption from the referendum procedure. See *Robinson* v. *Selectmen of Watertown*, 336 Mass. 537; *Gorman* v. *Peabody*, 312 Mass. 560, 562–565; *Troland* v. *Malden*, 332 Mass. 351, 355–356. We do not reach the question of the applicability of the referendum procedure to the annual budget or items therein. See *Gilet* v. *City Clerk of Lowell*, 306 Mass. 170, 172, 175.

The final paragraph of the final decree should be omitted. The restraining order would not have survived the final decree (*Carlson* v. *Lawrence H. Oppenheim Co.* 334 Mass. 462, 465) and it was unnecessary to order its dissolution. There was no occasion to dismiss the bill of complaint "as to all matters . . . not pertinent to the petition for declaratory judgment." *Russell* v. *Caroline-Becker, Inc.* 336 Mass. 161, 163. *Anderson Corp.* v. *Blanch, ante,* 43, 53–54.

The final decree, modified by deletion of the final paragraph, is affirmed. The order for judgment is affirmed.

*So ordered.*