WILLIAM J. SCALLEY & another *vs.* BOARD OF REGISTRARS OF VOTERS OF WOBURN & another. January 28, 1971. On December 17, 1964, the city council of Woburn passed eight separate ordinances, seven by separate unanimous votes and the other one by a vote of eight in favor and one opposed. Each related to the compensation of one or more of the city's officers or employees. They were then seasonably presented to the mayor. Within ten days thereafter he returned them to the city council, without his signature,

but with a letter stating his objections thereto. The trial judge held the mayor's action was not a veto. We hold that it was, but this does not change the ultimate decision. On December 31, 1964, the city council, at a special meeting lawfully called by its president and with all members present, reconsidered the ordinances and voted unanimously that they be "passed to be ordained and that City Council override the veto of the Mayor." We hold that under the city charter (St. 1897, c. 172, § 25) the council's action operated to pass the ordinances notwithstanding the objections of the mayor, and they then took effect. On January 18, 1965, a referendum petition bearing the required number of valid signatures was filed with the city clerk protesting the eight ordinances and requesting a referendum on thirty-four separate questions included in the single petition. Each question related to a salary increase proposed for a specified office or position by one of the eight ordinances, but it did not identify the particular ordinance. In eight of the questions there were errors in the annual salaries proposed by the ordinances. In addition, the petition gave the wrong title for one office, it did not state the amount of annual increment from minimum to maximum salaries for some positions, it did not state that some of the increases would not take effect immediately, and it went outside the ordinances to give former salary figures not included therein. The trial judge ruled that the referendum petition "is a nullity because it pertains to more than one measure or part thereof (. . . unrelated to each other), because it contains material inconsistencies and material inaccuracies, and . . . fails to state the measures or parts thereof in terms sufficient to show their substance." The case is before us on the defendants' appeal limited "solely to the issue of the Referendum." There was no error. *Sears* v. *Treasurer & Recr. Gen.* 327 Mass. 310, 325–326. *Mayor of Gloucester* v. *City Clerk of Gloucester,* 327 Mass. 460, 464. *Troland* v. *Malden,* 332 Mass. 351, 356. No question is raised as to the initiative petition filed on May 28, 1965, and limited to the salaries of the members of the city council. The trial judge's final disposition of the case, as modified above with respect to the mayor's veto of the eight ordinances and their passage by the city council over the veto, is hereby affirmed.

*So ordered.*

*John J. Fitzpatrick* for the Board of Registrars of Voters of Woburn & another.

*Alexander E. Finger* (*Charles H. McGlue* with him) for William J. Scalley & another.

*James F. Freeley, Jr.,* for the interveners, Local No. 524, Woburn City Employees Union & another.