THOMAS CHOPELAS & others *vs.* CITY CLERK of MALDEN & others.

Middlesex.    January 9, 1973. — April 24, 1973.

Present: HALE, C.J., KEVILLE, & GRANT, JJ.

*Municipal Corporations*, Referendum. *Malden. Evidence,* Judicial notice.

This court took judicial notice of a city charter as established and amended by statute. [243]

A bond order passed by the city council of Malden on a certain day became "effective" upon its approval by the mayor on the following day, and where it appeared that, although the city had not adopted a charter plan set out in G. L. c. 43, the Legislature had amended its charter to include the precise language of §§ 38 and 42 of that chapter with respect to referendum petitions, and that such amendment did not alter the city's previous acceptance of c. 44, § 8A, it was held that a referendum petition with respect to the bond order filed with the city clerk on the twentieth day after the mayor's approval was seasonably filed within the twenty day period required by § 8A. [242-244]

PETITION for a writ of mandamus filed in the Superior Court on December 24, 1971.

The case was heard by *Tomasello,* J.

*Ronald E. Matheson* for the petitioners.

*Leo P. DeMarco,* City Solicitor, for the respondents.

KEVILLE, J.    This is an appeal from the allowance in the Superior Court of a motion to dismiss a petition for a writ of mandamus brought against the city clerk, the registrars of voters and the treasurer of the city of Malden for the certification of signatures upon a referendum petition.

We summarize the essential allegations of the petition. On November 23, 1971 the Malden city council passed a bond order authorizing the treasurer, with the approval of the mayor, to borrow $8,000,000 for the purpose of building an incinerator. The mayor signed the order on November 24, 1971. On December 14, 1971 the petitioners, who are registered voters of the city, filed a referendum petition, which they had circulated, with the city clerk. The referendum petition requests that "the question of approving or disapproving" the bond order be submitted to the voters of Malden. The city clerk refused to deliver the referendum petition to the registrars of voters for certification of signatures. See G. L. c. 43, § 38.[1]

The sole question presented is whether the referendum petition was seasonably filed under the provisions of G. L. c. 44, § 8A.[2]

The petitioners' assertion is that, but for the filing of the referendum petition, the "effective" day of the order would be November 24, 1971, the day of the mayor's approval, and, since the referendum petition was filed with the city

---

[1] Section 38 (second paragraph) reads, "Within five days after the filing of said petition the registrars of voters shall ascertain by what number of registered voters the petition is signed, and what percentage that number is of the total number of registered voters, and shall attach thereto their certificate showing the result of such examination.

"The city clerk shall forthwith transmit the said certificate with the said petition to the city council."

[2] Section 8A, inserted by St. 1939, c. 108, § 1, accepted by the city of Malden on November 14, 1939, reads, "[A]n order authorizing the issue of bonds . . . for any purpose specified in any applicable clause of section seven,* other than clause (11) . . . shall not become effective before the expiration of a period of twenty days from the day upon which such order would become effective except for this section. If within said period a petition signed by registered voters of the city . . . and conforming to the provisions of section thirty-eight of chapter forty-three relative to initiative petitions in cities governed by said chapter, shall be filed with the city clerk, such filing in cities subject to said section thirty-eight to be in the manner therein provided, asking that the question of approving or disapproving such order be submitted to the registered voters of the city, such order shall be further suspended from becoming effective and said city clerk shall forthwith transmit such petition to the city council, which shall immediately reconsider such order. . . . If a petition relative to any such order is not filed within said period of twenty days, such order shall become effective upon the expiration of said period."

*General Laws, c. 44, § 7 (4A), as amended through St. 1965, c. 206, § 1, authorizes borrowing for the purpose of constructing an incinerator.

clerk within twenty days of that day, the petition was seasonably filed under § 8A. The respondents argue that the "effective" day would be November 23, 1971, when the city council passed the bond order, and that not having filed the petition until the twenty-first day thereafter, the petitioners failed to comply with the requirement of § 8A.

We take judicial notice of the city charter of Malden (St. 1881, c. 169) and amendments thereto. *Grant* v. *Aldermen of Northampton,* 316 Mass. 432, 435. When G. L. c. 44, § 8A, is read in conjunction with § 11 of the charter, as amended by St. 1958, c. 286, § 2,[3] it becomes apparent that the bond order could become effective without the approval of the mayor only if passed by a two-thirds vote of the city council over his objections. *Scalley* v. *Registrars of Voters of Woburn,* 358 Mass. 815.

The respondents rely heavily upon the provisions of G. L. c. 43, § 42,[4] and upon *Carriere* v. *Registrars of Voters of Fitchburg,* 257 Mass. 287, interpreting that statute. Explicit under § 42 is the fact that the twenty-day period starts to run from the final passage of a measure by a city council. A comparison of § 42 with G. L. c. 44, §§ 7 and 8A, read in conjunction with G. L. c. 43, § 38, makes it clear that § 42 and the *Carriere* case are not applicable to a referendum petition challenging this bond order.

It does not appear, however, that the city of Malden adopted one of the municipal charter plans set out in G. L. c. 43; and the applicability of this chapter to a city is expressly conditioned upon its acceptance of one of the

---

[3] "Every ordinance, order, resolution or vote shall be presented to the mayor. If he approves thereof he shall signify his approval by signing the same; but if he does not approve thereof, he shall return the ordinance, order, resolution or vote, with his objections in writing, to the city council. The city council shall enter the objections of the mayor on its records and proceed to reconsider said ordinance, order, resolution or vote; and if approved by two thirds of the members it shall be in force."

[4] Section 42 (as amended through St. 1935, c. 68, § 2) reads, "If, within twenty days after the final passage of any measure . . . by the city council . . . a petition signed by registered voters of the city . . . is presented to the city council . . . protesting against such measure . . . taking effect, the same shall . . . be suspended from taking effect; and the city council . . . shall immediately reconsider such measure."

plans described therein. *Everett* v. *Curnane,* 329 Mass. 490, 491. But, through the enactment of St. 1950, c. 29, § 1,[5] the Malden city charter was amended to include precisely the then language of G. L. c. 43, §§ 38 and 42, with respect to referendum petitions. It is significant that the amendment did not alter the previous acceptance of G. L. c. 44, § 8A, by the city relating to referenda on bond issues.

There is no merit in the further assertion of the respondents based upon *Carriere* v. *Registrars of Voters of Fitchburg,* 257 Mass. 287, 288,[6] that the referendum petition must be filed with the city clerk sufficiently early within the statutory period of twenty days to allow the respondents' functions (see fn. 1) also to be performed within that period. To follow that argument would be to thwart the obvious legislative intent "to provide a simple, practicable method of obtaining municipal referenda." *O'Shea* v. *Holyoke,* 345 Mass. 175, 179.

The order allowing the motion to dismiss is reversed and the case is to stand for trial in the Superior Court.

*So ordered.*

---

[5] Statute 1950, c. 29, § 1, added inter alia §§ 24B and 24F to the city charter, the counterparts of G. L. c. 43, §§ 38 and 42.

[6] The rationale of the *Carriere* case has been questioned. See *O'Shea* v. *Holyoke,* 345 Mass. 175, 178-179.